## WATKINS v. HOWARD, County Treasurer.

No. 5853—Opinion Filed July 10, 1917.

(166 Pac. 706.)

(Syllabus by the Court.)

**1. Taxation—Lands—Indian Lands.**

Following Marcy v. Board of County Commissioners, 45 Okla. 1, 144 Pac. 611, it is held, where the conveyance or deed of the interest of a full-blood Indian heir of the allottee of land allotted in the Choctaw Nation is invalid, unless approved by the Secretary of the Interior, or by the court having jurisdiction of the settlement of the estate of the deceased allottee, such interest in the land is not subject to taxation for any year prior to the execution and approval of the conveyance or deed by the heirs.

**2. Same—Restrictions on Alienation.**

Brader v. James, 49 Okla. 734, 154 Pac. 560, and Moffett v. Conley, 63 Okla. 3, 163 Pac. 118, followed, and held, that at the dates as of which certain allotted lands of the Choctaw Nation were assessed for taxation, then owned by full-blood Indian heirs of the allottee, the same could not be alienated without the approval of the Secretary of the Interior or of the court having jurisdiction of the settlement of the estate of the deceased allottees.

Error from District Court, Jefferson County.

Action by F. E. Watkins against Jim E. Howard, Treasurer of Jefferson County, Okla. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. Y. Dilley, for plaintiff in error.

MILEY, J. This proceeding in error brings up for review a judgment sustaining demurrer to the petition and dismissing an action to enjoin collection of taxes for various years, assessed against several tracts of real estate, which it was alleged were not subject to taxation for such years. Six different causes of action, separately stated and numbered, were united in the petition. The demurrer was upon the ground that the petition did not state facts sufficient to constitute a cause of action, and was to the petition as a whole, and not to the several causes of action separately. If any one of the several causes of action stated sufficient facts, it was error to sustain the demurrer and dismiss the petition. Emmerson v. Botkin, 26 Okla. 218, 109 Pac. 531, 29 Am. St. Rep. 786, 138 Am. St. Rep. 953; Owen v. City of Tulsa, 27 Okla. 264, 111 Pac. 320. All of the land involved had been allotted either to enrolled citizens of the Choctaw Nation, who subsequently died, or in the

right of enrolled Choctaw citizens who died before the allotment was selected, and was in each instance, at the time the taxes were assessed, owned by the heirs of such allottees or citizens, who, it was alleged, were duly enrolled as Indians of the full blood. Each cause of action stated sufficient facts to entitle the plaintiff to the relief asked thereon, if the land was not subject to taxation for the year the same was assessed and taxes levied.

This court has previously decided that, where the conveyance or deed of the interest of a full-blood Indian heir of the allottee in land allotted in the Seminole Nation is invalid, unless approved by the Secretary of the Interior under the provisions of section 22 of the act of April 26, 1906 (34 Stat. 137, c. 1876), or by the court having jurisdiction of the settlement of the estate of the deceased allottee under section 9 of the act of May 27, 1908 (35 Stat. 312, c. 199), such interest in the land is not subject to taxation prior to the execution and approval of the conveyance or deed by the heirs. Marcy v. Board of Com'rs of Seminole County, 45 Okla. 1, 144 Pac. 611. The same is true of land allotted in the Choctaw and Chickasaw Nations. Therefore it is only necessary to consider whether, on the date on which the assessment complained of was made, the Indian heir could, subsequent to April 26, 1906, and prior to May 27, 1908, execute a valid conveyance of his interest without the approval of the Secretary of the Interior, and subsequent to the last-named date by the court having jurisdiction of the settlement of the estate of the deceased allottee.

The land involved in the first cause of action was allotted to a Choctaw citizen, and was the portion of the allotment other than that designated as the homestead. She died in 1905, after the allotment was selected, and on March 1, 1908, the same was owned by her heirs, who were full-blood Indians. The taxes complained of were levied for the fiscal year ending June 30, 1909. The alienation of this land was restricted under the provisions of section 16 of the Choctaw-Chickasaw Treaty (Act July 1, 1902, c. 1362, 32 Stat. 641), which was not removed by the death of the allottee, but ran with the land and restricted alienation by the heirs for the time specified. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522; Id., 243 U. S. 108. 37 Sup. Ct. 330, 61 L. Ed. 622. Under section 22 of the act of April 26, 1906 (34 Stat. 137), authority is given the heirs to sell and convey the lands so inherited, but conveyances by heirs who are full-blood Indians under that provision were subject to

the approval of the Secretary of the Interior. This approval was required after the expiration of the period during which it was originally prescribed that the land should be inalienable. Tiger v. Western Investment Co., 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738. It follows, under the rule announced in Marcy v. Board of County Commissioners, supra, that the land was not subject to taxation, and a cause of action to enjoin collection thereof was stated in the petition.

The land involved in the second cause of action is that including both homestead and surplus allotted to a Choctaw citizen, who died November 10, 1906, leaving full-blood Indian heirs, to whom the land descended, and who were the owners on March 1, 1908. The taxes complained of were levied for the fiscal year ended June 30, 1909. The land other than the homestead was exempt from taxation for the same reason as that involved in the first cause of action. While, under the terms of the restriction imposed by the Allotment Act on the homestead, the same would have passed upon the death of the allottee to the heirs free of restrictions, yet prior to his death the act of April 26, 1906, was passed, section 22 of which has been referred to. We think the provision subjecting conveyances by full-blood Indian heirs to the approval of the Secretary of the Interior applies to a conveyance of the interest of the heirs in this homestead, and hence that portion of the allotment was also exempt from taxation.

The land involved in the third cause of action was that part of the allotment made to a Choctaw citizen designated as a homestead. He died after allotment in the year 1905, leaving full-blood Indian heirs, to whom title passed, and who were the owners thereof on March 1, 1908. The taxes complained of were assessed for the fiscal year ended June 30, 1909. Upon the death of the allottee, the land passed to his heirs, free of all restrictions upon alienation. But this court held, in Brader v. James, 49 Okla. 734, 154 Pac. 560, that section 22 of the act of April 26, 1906, thereafter restricted the alienation of such interest. Following that decision, we hold that this land was not subject to taxation for the year mentioned.

The land involved in the fourth cause of action appears from the allegation of the petition to have been selected after his death as a part of the allotment to which an enrolled citizen of the Choctaw Nation would have been entitled, if living. The title thereto vested in the heirs, free of all restrictions upon alienation. Mullen v. United States, 224 U. S. 448, 32 Sup. Ct. 494, 56 L. Ed. 834.

However, following the decision of this court in Moffett v. Conley, 63 Okla. 3, 163 Pac. 118, we hold that subsequent to the passage of the act of April 26, 1906, the heirs being full-blood Indians, a conveyance by them would not pass title, unless approved by the Secretary of the Interior. Such heirs being the owners thereof on March 1, 1908, the land was not subject to taxation for the fiscal year ended June 30, 1909.

The land involved in the fifth and sixth causes of action was a portion of the allotment other than that selected for a homestead of a citizen of the Choctaw Nation. The allottee died after the land was selected, and title thereupon vested in her heirs, who were full-blood Indians. The taxes were assessed for the fiscal years ended, respectively, June 30, 1911, and June 30, 1912. Upon the date as of which property subject to taxation for those years was assessed, a deed conveying the interests then owned by these heirs would have been invalid, unless approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. The interests which had not then been alienated with such approval were not subject to taxation. It appears that one of the heirs, owning a small interest, had, prior to the date as of which the assessments were made, alienated the same with the approval of the proper court. That interest was not exempt from taxation. The entire tract, including the interest of all the heirs, was assessed. There was then no statute authorizing the assessment of undivided interests in real estate. The plaintiff, at time suit was instituted, was the owner of the entire tract, having, subsequent to the assessment of the tax, acquired the interest of all the heirs. He did not offer to pay the proportion of the tax which the interest subject to taxation bears to the whole. This, it seems to us, he should do before he would be entitled to equitable relief against the remainder of the tax.

For the reasons stated, it was error to sustain the demurrer, and the judgment is reversed and cause remanded.

All the Justices concur, except HARDY, BRETT, and RAINEY, JJ., who concur in the conclusion, and KANE, J., absent.